Owen McGivern, J.
Plaintiff and the deceased, together with their wives, were the controlling stockholders of a certain corporation and the plaintiff and the deceased were officers thereof. The controlling stockholders of the corporation had undertaken a public offering of the stock of that corporation held by them and they agreed to contribute a portion of their holdings in such a ratio that the proportions of their holdings of stock in the corporation would remain undisturbed. Accordingly, registration was made with the Securities and Exchange Commission and the offering went forward. Hours before the deposit of certificates was required the deceased discovered that he was unable to meet bis commitment in that he was short 2,500 *537 shares. At this time plaintiff undertook to loan to the deceased the required 2,500 shares under a loan agreement dated July 21, 1958, which provided that the deceased deliver to the plaintiff certificates for 2,500 shares of the company’s common stock on or before December 31, 1958. The agreement further provided that ‘1 until the loan is satisfied ’ ’ plaintiff had the right to vote an equal number of shares of the company’s common stock on which the deceased had voting rights, the Corporation Trust Company was instructed to reserve in a special account the net proceeds received by it from the underwriter for the 2.500 shares covered by the agreement after deducting the expense fund of 6^ per share and to hold the funds for the account of the deceased “ subject to a lien in favor of Mr. Sherman for Mr. O’Reilly’s obligations hereunder. Such funds shall be paid to the order of Mr. O’Reilly promptly after The Corporation Trust Company is supplied with evidence satisfactory to it that the loan of shares hereunder has been repaid; and if such evidence is not supplied on or before December 31, 1958, The Corporation Trust Company shall hold such funds for payment subject to the order of Mr. Sherman, as he may direct in writing.”
This action is brought in equity to compel the delivery of 2.500 shares of the capital stock of the corporation and for other relief and the plaintiff now moves for summary judgment.
Defendants contend that deceased agreed to make delivery on or before December 31, 1958, and that until such time the deceased was to pay to the plaintiff an amount equal to the dividends and to the distributions paid by the company on that number of shares, that the Corporation Trust Company was authorized to hold the proceeds of the sale for the account of the deceased until December 31,1958, when the bank was to hold the funds for payment subject to the order of the plaintiff. It is therefore argued that December 31, 1958, was the deadline for redelivery of the stock and if the deceased made a return thereunder prior to December 31, 1958, he was to receive the proceeds of the sale thereof, and if such delivery was not made the proceeds of the sale automatically were transferred for the payment to the order of the plaintiff. The proceeds of the sale referred to are those proceeds received by the Corporation Trust Company by virtue of the sale of a similar number of shares of stock as a part of the public offering. It must be noted that the public offering was made at a price less than the quoted market value. Prior to December 31, 1958, the plaintiff could not make demand for redelivery and no demand was in order *538 until that date or thereafter. Until demand was made on or after that date, the deceased was not in default. The choice to take the proceeds held by the Corporation Trust Company or the shares of stock was in the plaintiff and not in the deceased. This was not a sale of stock but a loan of stock and unless redelivery is ordered the plaintiff cannot be put in the position in which he was at the time of the loan. Moreover, specific enforcement is necessary in view of the nature of the transaction, involving, as it did, registration before the Securities and Exchange Commission, and the implications arising from any action which would deviate from the statements contained in the registration and in connection with the public offering.
The motion is granted.
Settle order.